FRIEDMAN et al. v. GUTH.

(Supreme Court, Appellate Term. November 24, 1908.)

BROKERS (§ 88✳)—ACTIONS FOR COMPENSATION—QUESTIONS FOR JURY.
 In an action for broker's commissions, where it was doubtful whether any case had been made out for plaintiffs, and defendant's positive uncontradicted testimony showed that the one with whom he traded was introduced by a third person, the question as to whether plaintiffs were the procuring cause of the deal was for the jury.

 [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 128; Dec. Dig. § 88.✳]

Appeal from City Court of New York, Trial Term.

Action by Charles Friedman and another against Joseph Guth for commissions. There was a directed verdict for plaintiffs, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Nicholas Schloeder, for appellant.
Michael-Kaufman, for respondents.

MacLEAN, J. There is no testimony in the case that the plaintiffs ever communicated to the defendant anything about Bernard Francis

Golden, much less that they informed him that they had negotiated and effected with this Golden the exchange of property, for which they claim a commission.

Alleging in their complaint that they sold and exchanged the property to one Barney Golden, they on the trial showed that they had the defendant meet Bernard Golden, whom Brandes identified as the man to whom he sold the property, but who, called by the plaintiff, said he did not purchase it, and that he did not own the premises taken in exchange. The son of this Barney, Bernard Francis, testified he had bought the property, and then, on cross-examination, after denying it, said he had taken it with one Weekes, part owner of the premises exchanged and with whom he signed the contract of purchase produced by the defendant's counsel. On resting, the plaintiffs' counsel moved to amend the complaint by inserting that the property was sold to Bernard Francis Golden and John Weekes, which was granted against the protest of surprise, and that the case had been tried on the theory of a sale to Bernard Golden, the father. At the close of the whole case, a verdict was directed for the plaintiff. This was reversible error. It is doubtful whether any case had been made out for the plaintiffs. The amendment made irrelevant and immaterial much of the testimony theretofore adduced over the objections and exceptions of the defendant, and the defendant gave positive testimony, not contradicted, but corroborated, that the party with whom he really treated and traded was introduced by a third party. This should have been submitted to the jury, if the complaint was not to be dismissed.

Judgment reversed and a new trial ordered. with costs to the appellant to abide the event.

GILDERSLEEVE, P. J., concurs.

SEABURY, J. (concurring). The plaintiffs, real estate brokers, sue to recover commissions. The evidence in my opinion established a prima facie case on behalf of the plaintiffs. The defendant offered evidence to show that one Etlinger brought the purchaser and seller together. A question of fact was therefore presented as to whether the plaintiffs were the procuring cause. This question should have been submitted to the jury. The direction of a verdict in favor of the plaintiffs was error.

The judgment is reversed, and a new trial ordered, with costs to appellant to abide the event.